UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Joon Oh, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-v.-<br>Portnoy Schneck, L.L.C.; Cavalry SPV I, LLC; and John Does 1-25,<br><br>Defendant(s). | Civil Action No:<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Joon Oh ("Plaintiff"), brings this Class Action Complaint by and through his attorneys, Skolnick Legal Group PC, against Defendants Portnoy Schneck, L.L.C. ("Portnoy") and Cavalry SPV I, LLC ("Cavalry"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, respectfully sets forth, complains, and alleges the following based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1. The Fair Debt Collection Practices Act ("FDCPA") was enacted in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* It concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *Id.* § 1692(b), the Act gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

**JURISDICTION AND VENUE**

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq.  The Court also has pendent jurisdiction over any State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides as well as where a substantial part of the events or omissions giving rise to the claim occurred.

**NATURE OF THE ACTION**

5. Plaintiff brings this class action on behalf of a class of Pennsylvania consumers for damages and declaratory and injunctive relief arising from the Defendants' violation(s) of section 1692 et. seq. of Title 15 of the United States Code, also known as the Fair Debt Collections Practices Act ("FDCPA").

6. Plaintiff is seeking damages and declaratory relief.

**PARTIES**

7. Plaintiff is a resident of the State of Pennsylvania, County of Pike, residing at 111 Windwards Lane, Dingmans Ferry, PA 18328.

8. Defendant Portnoy is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA, with address at 3705 Quakerbridge Road, Suite 116, Hamilton, NJ 08619.

9. Upon information and belief, Defendant Portnoy is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due itself or another.

10. Defendant Cavalry is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA, with address at 500 Summit Lake Drive, Valhalla, NY 10595.

11. Upon information and belief, Cavalry is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due itself or another.

12. John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

13. Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

14. The Class consists of:

   a. all individuals with addresses in the State of Pennsylvania;

   b. to whom Defendant Portnoy sent an initial collection letter;

   c. on behalf of Defendant Cavalry;

   d. attempting to collect a consumer debt;

   e. in two sub-classes where the letter:

      1. does not identify any entity as the current creditor; or

    2. is signed by an attorney not licensed to practice in Pennsylvania; and

  f. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

15. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf it attempts to collect and/or has purchased debts.

16. Excluded from the Plaintiff Class is the Defendants and all officers, members, partners, managers, directors and employees of the Defendants and its respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

17. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ 1692d, 1692e, 1692f, and 1692g.

18. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiffs will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

19. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the form attached as Exhibit A violates 15 U.S.C. §§ 1692d, 1692e, 1692f, and 1692g.

c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiffs and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single

forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

20. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

21. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

22. Plaintiff repeats the allegations contained in the above paragraphs as if set forth here.

23. Some time prior to September 10, 2020, Plaintiff allegedly incurred an obligation to non-party Citibank, N.A. ("Citibank").

24. The alleged debt arose out of transactions in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes, specifically non-payment for credit card purchases.

25. The alleged Citibank obligation is a "debt" as defined by 15 U.S.C.§ 1692a (5).

26. Cavalry is a "creditor" as defined by 15 U.S.C.§ 1692a (4).

27. Portnoy is a "creditor" as defined by 15 U.S.C.§ 1692a (4).

28. Defendants collect and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of themselves or other creditors using the United States Postal Services, telephone and internet.

*September 10, 2020 Collection letter*

29. On or about September 10, 2020, Portnoy sent Plaintiff a collection letter regarding the alleged Citibank debt. See Letter attached as Exhibit A.

30. The letter states across the top "PORTNOY SCHNECK, L.L.C. ATTORNEYS AT LAW" with an address, and then below that, "f/k/a Schachter Portnoy Schneck, L.L.C.".

31. It also lists a number of names and under each one states "Admitted in" followed by one or more two-letter State abbreviations.

32. It then states "September 10, 2020" and lists Plaintiff's name and address.

33. Below that it states:

>     Re:    Our Client:       CAVALRY SPV I, LLV
>            Original Creditor:   Citibank, N.A.
>            Our File Number:    [redacted]
>            Card Name:    My Best Buy Visa Card
>            Amount of Debt:    $3,094.57

34. Then it states, "Dear JOON HO: This firm has been retained by the above-named current creditor to collect the amount due, indicated above."

35. There are numerous persons and entities "above-named" in relation to this statement.

36. However, none of the "above-named" persons or entities are identified as the current creditor.

37. Based on the letter, Plaintiff did not know the identity of the current creditor.

38. It is deceptive not to clearly state who is the current creditor in a collection letter sent to a consumer.

39. The law requires that an initial collections letter specifically and clearly state who is the current creditor.

40. Defendants failed to provide the consumer with a proper initial communication letter by failing to clearly identify the current creditor of the debt.

41. In addition, the letter is signed by "Kurt R. Kowalski, Esq. For The Firm".

42. The letter also states that Mr. Kowalski is admitted in New Jersey without identifying any other states where he is admitted.

43. This letter was sent to Plaintiff in Pennsylvania.

44. Mr. Kowalski is not admitted in Pennsylvania.

45. Mr. Kowalski is practicing law in Pennsylvania without a license.

46. It is a criminal misdemeanor to practice law in Pennsylvania without a license.

47. Therefore, Portnoy used criminal means to collect the alleged debt, i.e., to harm Plaintiff's property.

48. Due to Defendants' actions, Plaintiff was confused.

49. Plaintiff was misled as to the status of the debt and to his rights.

50. Defendants' actions were false, deceptive, and/or misleading.

51. Plaintiff was concerned and confused by the Letter.

52. Plaintiff was therefore unable to evaluate his options of how to handle this debt.

53. Because of this, Plaintiff expended time, money, and effort in determining the proper course of action.

54. In addition, Plaintiff suffered emotional harm due to Defendants' improper acts.

55. These violations by Defendants were knowing, willful, negligent and/or intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violations.

56. Defendants' collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff

with the legally protected right to be not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

57. Defendants' deceptive, misleading and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendants' collection efforts because Plaintiff could not adequately respond to Defendants' demand for payment of this debt.

58. Defendants' actions created an appreciable risk to Plaintiff of being unable to properly respond or handle Defendants' debt collection.

59. Plaintiff was confused and misled to his detriment by the statements in the dunning letter, and relied on the contents of the letter to his detriment.

60. Plaintiff would have pursued a different course of action were it not for Defendants' statutory violations.

61. As a result of Defendants' deceptive, misleading and false debt collection practices, Plaintiff has been damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692e *et seq.*

62. Plaintiff repeats the allegations as if set forth here.

63. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

64. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

65. Defendants violated said section, as described above, by making a false, deceptive, and misleading representations, and misstating Plaintiff's rights enumerated in § 1692g, in violation of §§ 1692e, 1692e (2), 1692e (3), 1692e (5), 1692e (9) and 1692e (10).

66. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692e et seq. of the FDCPA and Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*

67. Plaintiff repeats the allegations above as if set forth here.

68. Alternatively, Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

69. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

70. Defendants violated this section, including §§ 1692f, 1692f (1), by failing to identify the current creditor pursuant to § 1692g and by having a unlicensed attorney sign the debt collection letter on behalf of a law firm.

71. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT III
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692g *et seq.*

72. Plaintiff repeats the allegations contained in the above paragraphs as if set forth here.

73. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

74. Pursuant to 15 U.S.C. § 1692g:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall… send the consumer a written notice containing –…
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;

75. Defendants violated this section by failing to provide the proper notice required by §1692g in an initial collection letter.

76. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT IV
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692d *et seq.*

77. Plaintiff repeats the above allegations as if set forth here.

78. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692d.

79. Pursuant to 15 U.S.C. § 1692d a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

80. Defendants violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of the extinguished debt.

81. Defendants violated said section, inter alia, by having an unlicensed attorney collect a debt on behalf of a law firm in violation of § 1692d (1).

82.     By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692d et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff Joon Oh, individually and on behalf of all others similarly situated, demands judgment from Defendants Portnoy Schneck, L.L.C. and Cavalry SPV I, LLC as follows:

i.   Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Scott Bernstein, Esq. as Class Counsel;

ii.  Awarding Plaintiff and the Class statutory damages;

iii. Awarding Plaintiff and the Class actual damages;

iv.  Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

v.   Awarding pre-judgment interest and post-judgment interest; and

vi.  Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: Roseland, New Jersey
       May 4, 2021

*/s/ Scott Bernstein*
Scott Bernstein, Esq.
Skolnick Legal Group PC
103 Eisenhower Pkwy
Roseland, New Jersey 07068
(203) 246-2887
scott@skolnicklegalgroup.com